UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNIVERSAL MUSIC-NBG NA LLC,                     :
:
                    Plaintiff,   :   11 Civ. 1884 (TPG)
:
    – against –                              :   **OPINION**
:
RAFAEL VERGARA,                                 :
:
                    Defendant.   :
:
------------------------------------------------x

    Plaintiff Universal Music Group-NBG NA LLC ("UMG") claims that defendant Rafael Vergara breached a music publishing agreement ("the Agreement") between the parties by filing a lawsuit against Coca Cola in the Southern District of Florida, which is now on appeal in the Eleventh Circuit Court of Appeals ("the Florida action"). Vergara moves to stay this case pending the outcome of his litigation with Coca Cola.

    The motion is denied.

## DISCUSSION

    The court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The court should "weigh competing interests and maintain an even balance." Id. at 255. The burden is on Vergara to demonstrate the necessity of a stay. Clinton v. Jones, 520 U.S. 681, 708 (1997).

Courts generally consider five factors on a motion to stay:

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd., No. 01 Civ. 1044 (RJH)(HBP), 2005 U.S. Dist. LEXIS 6780, at *3 (S.D.N.Y. Apr. 18, 2005). A stay may be awarded when "a higher court is close to settling an important issue of law bearing on the action." Id. at *5. The issues being decided in the independent proceeding need not necessarily be "controlling of the action before the court." Id.

Vergara argues this case should be stayed pending the resolution of the Florida action. However, the resolution of this case will not depend on the outcome of the Florida action. In this case, the court's essential task will be to determine whether Vergara's lawsuit against Coca Cola constitutes a breach of the Agreement. Whether Vergara wins or loses in the Florida action, UMG claims that Vergara's filing and prosecution of that lawsuit was a breach of the Agreement. This court's interpretation of the parties' rights and obligations under the Agreement will not be affected by the results of the Florida action. Accordingly, awaiting resolution of Vergara's litigation with Coca Cola will involve needless delay.

Vergara argues that he would be prejudiced by having to simultaneously defend this lawsuit while prosecuting his appeal in the

Eleventh Circuit. But the answer to this is that there are two different lawsuits, which Vergara must inevitably deal with. Indeed, one of the lawsuits is apparently nearing its conclusion since it is on appeal.

## CONCLUSION

Vergara's motion to stay this action is denied.

SO ORDERED.

Dated: New York, New York
January 3, 2012

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1/3/12